**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**JACKSONVILLE DIVISION**

| | |
|---|---|
| **JUSTICE TRANSITIONS, INC.**, and **DALTON JUDD**, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PUTNAM COUNTY, FLORIDA**, a political subdivision of the State of Florida,<br><br>Defendant. | CASE NO. |

**COMPLAINT**

Plaintiffs Justice Transitions, Inc., and Dalton Judd, individually and on behalf of those similarly situated, through counsel, complain against Defendant Putnam County, Florida, as follows:

**Nature of the Case**

1. This case arises under 42 U.S.C. § 1983 and challenges the constitutionality of certain provisions of Section 28-3 of the Code of Ordinances of Putnam County ("the Ordinance"). The Ordinance restricts the locations where individuals who have been convicted of sexual offenses may reside in unincorporated Putnam County. A copy of the Ordinance is attached hereto as

Exhibit 1. Plaintiffs contend that the challenged provisions of the Ordinance violate the Fifth and Fourteenth Amendments to the United States Constitution.

2. In particular, Plaintiffs challenge the following provisions of the Ordinance:

(1) **Section 28-3(e)(3)**: This provision prohibits more than two "sexual offenders" or "predators," as defined by the Ordinance, from residing at the same address unless related by blood, marriage, or adoption;

(2) **Section 28-3(e)(4)**: This provision prohibits any "sexual offender" or "predator," as defined by the Ordinance, from residing within 500 feet of another "sexual offender" or "predator," unless related by blood, marriage, or adoption;

(3) **Section 28-3(e)(5)**: This provision restricts "sexual offenders" or "predators" from occupying a maximum of 10 percent of the dwelling units within any multi-family dwelling, manufactured/mobile home park, or condominium;

(4) **Section 23-3(e)(1)**: This provision prohibits "sexual offenders" or "predators" from establishing a residence within 2,500 feet of any school, childcare facility, school bus stop, park, or playground; and

(5) **Section 23-3(l)**: This provision prohibits any Property Owner or Lessor from knowingly renting any property "within 2,500 feet of a prohibited location" to a "sexual offender or predator for use as a residence." This provision imposes an affirmative duty on Property Owners or Lessors to investigate whether a prospective renter or adult resident is a registered offender or predator, and imposes criminal penalties, which may include incarceration and a lien on the property for every violation.

3. Plaintiffs seek injunctive and declaratory relief on the grounds that these sections are, in combination and individually, unconstitutional on their face and as applied. Plaintiffs also seek nominal and compensatory damages for the injuries associated with the deprivation of their constitutional rights.

## Jurisdiction and Venue

4. Jurisdiction for Plaintiffs' claims is based on 28 U.S.C. §§ 1331 and 1343(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the events giving rise to Plaintiffs' claims arose in this district.

## The Parties

6. Justice Transitions, Inc. ("JTI") is a 501(c)(3) non-profit organization that owns or operates residential properties in Florida (including in Putnam County) and provides housing to individuals who have been convicted of sexual offenses.

7. Plaintiff Dalton Judd ("the Individual Plaintiff") is currently incarcerated in the Putnam Correctional Institution located in East Palatka, Florida (Putnam County). Plaintiff Judd is subject to the restrictions under the Ordinance because he was convicted of lewd and lascivious battery of a minor, an offense that meets the definition of "sexual offender" under the § 28-3(d)(15) of the Ordinance.

8. Defendant Putnam County is a political subdivision of the State of Florida, and it has the capacity to sue and be sued.

## The Challenged Ordinance

9. On August 26, 2025, the Putnam County Board of County Commissioners amended § 28-3 of its Code of Ordinances, a section of the Code which restricts where individuals convicted of sexual offenses may reside.

10. The amendments to the Ordinance prohibit the following: section 28-3(e)(3) prohibits more than two "sexual offenders" or "predators" from residing at the same address unless related by blood, marriage, or adoption; section 28-3(e)(4) prohibits any "sexual offender" or "predator" from residing within 500 feet of another "sexual offender" or "predator," unless related by blood, marriage, or adoption; section 28-3(e)(5) restricts "sexual offenders" or "predators" from occupying a maximum of 10 percent of the dwelling units within any multi-family dwelling, manufactured/mobile home park, or condominium building; section 23-3(e)(1) prohibits "sexual offenders" or "predators" from establishing a residence within 2,500 feet of any school, childcare facility, school bus stop, park, or playground; and section 23-3(l) prohibits any Property Owner or Lessor from knowingly renting any property within 2,500 feet of a prohibited location to a sexual offender or predator for use as a residence.

11. Section 28-3(k) of the Ordinance authorizes the imposition a fine of up to $500 and a prison sentence of up to 60 days on any sexual offender or predator who violates the Ordinance.

12. Section 28-3(l) authorizes the imposition a fine of up to $500 and a prison sentence of up to 60 days on any property owner or lessor who rents property to sexual offender or predator in violation of the ordinance.

13. Pursuant to his § 28-3(c), the Ordinance applies to all unincorporated areas of Putnam County, Florida.

**Facts Relevant to Plaintiff Justice Transitions, Inc.**

14. Justice Transitions Inc., is a Florida Not For Profit Corporation established in 2006 to offer re-entry services and transitional housing to individuals required to register who are transitioning from incarceration, have been displaced from other housing, or require assistance due to physical or mental health disabilities and cannot go to assisted living or nursing facilities because of their prior offense.

15. JTI operates transitional housing at four locations in unincorporated Putnam County and owns two additional properties in unincorporated Putnam County that it intended to develop for use as transitional housing.

16. JTI is funded principally by low monthly rent charged to residents, typically less than $500/month per person. It does not receive any government funds or support.

17. One of JTI's properties, which has been operating as transitional housing for many years, currently houses two tenants who are grandfathered in under the amended Ordinance. § 28-3(e)(b)(a) ("Exceptions"). The property is large enough to accommodate five people, but JTI cannot bring in any other registrants because of the Ordinance. If one tenant leaves, the Ordinance will prohibit JTI from bringing in a new tenant.

18. One registrant currently lives at another one of JTI's properties. There was previously another registrant living on the same parcel in a separate trailer. This individual recently moved out. JTI cannot rent this trailer to another individual on the registry due to the Ordinance.

19. JTI will be prohibited from housing more than one registrant at the two additional properties that it has under development due to the Ordinance.

20. JTI does not wish to rent its properties to tenants who are not on the registry. Its purpose and mission as a not-for-profit is to house and provide services to individuals on the registry. It is not in business merely to be a landlord.

21. JTI's mission to provide affordable housing and supportive services to individuals on the registry depends on being able to house more than one registrant at the same location. It is not economically feasible for JTI to continue its operations if it can house only one registrant in each of its properties because a single tenant does not bring in enough revenue to support the costs of owning and operating a property. The Ordinance makes it impossible for JTI to continue its operations.

**Facts Relevant to Plaintiff Dalton Judd**

22. Plaintiff Dalton Judd, 22, was convicted of lewd and lascivious conduct in 2023, based on events that occurred in 2021 when he was 18 years old. Due to this conviction, he is subject to the challenged Ordinance. Plaintiff Judd is

currently incarcerated in the Putnam Correctional Institution located in East Palatka, Florida, and will be released on May 7, 2026.

23. Plaintiff Judd is from Putnam County and his parents and siblings currently reside there. Accordingly, Plaintiff Judd seeks to reside in Putnam County upon his release.

24. The Ordinance severely restricts where Plaintiff Judd can live and is likely to result in his being rendered homeless in the near future.

25. Plaintiff Judd seeks to reside with his parents. His parent's home was denied as a viable residence because it was determined to be located within 1,000 feet of a school bus stop, and Florida Statute 775.215 prohibits sex offenders from living within 1,000 feet of schools, day care centers, parks, playgrounds, public pools, and school bus stops.

26. Plaintiff submitted an alternative address with a family friend which was compliant with Florida law (*i.e.*, more than 1,000 feet from any prohibited location). It was rejected pursuant to the amended Ordinance because the Putnam County Sheriff's office determined that it is situated within 2,500 feet of a bus stop.

27. Plaintiff Judd and his family have no way of checking whether these addresses are actually situated within 2,500-feet of a school bus stop because the locations of school bus stops are not made available to the public and can frequently change.

28. A third address, an apartment owned by a family friend, was accepted as a residence address for Plaintiff Judd. However, Judd may only remain at this address for six months to a year.

29. If he is unable to identify alternative housing within that time, he will be homeless and will be forced to sleep in a car or a tent in the woods.

30. The Ordinance's various restrictions in combination place almost all affordable rental housing in Putnam County off limits to individuals required to register.

**Class Allegations**

31. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs seek certification of this complaint as a class action for purposes of equitable relief on behalf of two classes as defined as follows.

(1) **The Registrant Class**: All individuals currently or in the future who are deemed sexual offenders or sexual predators under the Ordinance who seek to reside in unincorporated parts of Putnam County, Florida; and

(2) **The Lessor Class:** All individuals or entities currently or in the future who seek to rent property to individuals deemed sexual offenders or sexual predators under the Ordinance in unincorporated parts of Putnam County, Florida.

32. The classes seek a declaration that the Ordinance is unconstitutional and an injunction prohibiting continued enforcement of the Ordinance.

33. The members of the Registrant Class are so numerous that joinder is impracticable. Public records maintained by the State of Florida identify more than 350 individuals currently residing in Putnam County who are required to

register as sexual offenders or predators, all of whom are subject to the challenged Ordinance. *See* Florida Dep't of Law Enforcement Offender Registry Services Bureau data for Putnam County (identifying 383 registrants residing in the County as of April 13, 2026). The Registrant Class includes not only those currently registered in Putnam County, but also future registrants who will reside in or be released to Putnam County during the pendency of this litigation.

34. The members of the Lessor Class are likewise so numerous that joinder is impracticable. The Ordinance imposes restrictions and potential penalties on all property owners, landlords, and lessors in Putnam County who rent or seek to rent residential property to individuals required to register. Putnam County contains thousands of residential parcels and rental properties, owned by a large group of individuals and entities. Each property owner is subject to the Ordinance's restrictions and potential liability, including prohibitions on renting certain properties and requirements to verify prospective tenants' status.

35. There are questions of law and fact common to all class members, including but not limited to the following:

- Whether prohibiting more than one registrant from living at a particular address (§ 28-3(e)(3)) is rationally related to any legitimate public safety objective;

- Whether the prohibition on registrants' residing within 500-feet of one another (§ 28-3(e)(4)) bears any rational relationship to any legitimate public safety objective;

- Whether the 10 percent cap on registrants multi-unit housing (§ 28-3(e)(5)) bears any rational relationship to any legitimate public safety objective;

- Whether the challenged provisions, individually or in combination, substantially limit or eliminate available housing options for registrants within Putnam County;

- Whether the challenged provisions of the Ordinance, individually and in combination, are rationally related to a legitimate governmental interest;

- Whether the Ordinance imposes criminal penalties and property liens on property owners without adequate notice or procedural safeguards; and

- Whether the application of the Ordinance against Property Owners or Lessors impairs their use and enjoyment of their property and constitutes a "taking" without just compensation.

36. All individuals falling within the class definitions are subject to the same Ordinance. Given the commonality of the questions pertinent to all class members, a single injunction would provide relief to each member of the classes.

37. Defendant Putnam County has acted and continues to act in a manner adverse to the rights of the proposed classes, making final declaratory relief appropriate with respect to the classes as a whole.

38. The named Plaintiffs will fairly and adequately represent the interests of the classes; and the named Plaintiffs' claims are typical of the claims of all members of the proposed classes.

39. Plaintiffs' counsel has extensive experience and has devoted substantial professional and financial resources to representing individuals convicted of sex offenses, including numerous class action cases regarding housing for persons required to register. *See, e.g.*, *Murphy v. Raoul*, 16-cv-11471 (N.D. Ill.) (class action challenge to housing policies resulting in prolonged imprisonment of registrants on supervised release); *Stone v. Jeffreys*, 21-cv-

5616 (N.D. Ill.) (same); *Barnes v. Jeffreys*, 21-cv-2137 (N.D. Ill.) (challenge to one-registrant-per-address provision). Plaintiffs' counsel will fairly and adequately represent the interests of the class.

## COUNT I
## FOURTEENTH AMENDMENT

40. The Ordinance violates the Fourteenth Amendment in at least two respects.

41. First, the Ordinance violates the Equal Protection Clause because it does not serve a rational government interest and is motivated by irrational prejudice and desire to harm a politically unpopular group—*i.e.*, persons convicted of sex offenses. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985).

42. Second, the prohibitions set forth in the Ordinance are not rationally related to a legitimate state interest and thus fail rational basis review.

## COUNT II
## FIFTH AMENDMENT

43. Depriving Plaintiffs and others of the use and enjoyment of their property without just compensation violates the takings clause of the Fifth Amendment to the U.S. Constitution.

WHEREFORE, Plaintiffs request that this Court:

A. Enter a declaration that the Ordinance violates the U.S. Constitution on its face and as applied;

B. Enter a preliminary and then a permanent injunction barring Defendant Putnam County and its agents, servants, employees and attorneys from enforcing the Ordinance against Plaintiffs and the members of the proposed classes;

C. Award nominal and compensatory damages to the named Plaintiffs;

D. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988, and other applicable law; and

E. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Ron M. Kleiner*
Ron M. Kleiner, Esq.
Law Offices of Ron M. Kleiner
Florida Bar No. 115139
Courthouse Center, Penthouse One
40 N.W. 3rd Street
Miami, Fl 33128
Phone: 844- 766-9467
kleinerlawoffice@gmail.com

*/s/ Mark G. Weinberg* (Pro Hac Vice Pending)
Mark G. Weinberg, Esq.
Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773)283-3913
mweinberg@sbcglobal.net

*/s/Adele D. Nicholas* (Pro Hac Vice Pending)
Adele D. Nicholas, Esq.
Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

*Counsel for Plaintiffs*